IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 07, 2015

## STATE OF TENNESSEE v. TONY SAMUEL

**Appeal from the Circuit Court for Lauderdale County**
**No. 7691     Joe H. Walker, III, Judge**

_____

**No. W2014-02085-CCA-R3-CD  -  Filed July 21, 2015**

_____

The petitioner, Tony Samuel, filed an untimely notice of appeal of the trial court's denial of his motion to correct an illegal sentence.  Following our review, we conclude that the interest of justice does not warrant a waiver of the notice requirement because the petitioner failed to state a colorable claim for relief.  Therefore, we dismiss this appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Tony Samuel, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Jonathan H. Wardle, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

The petitioner was convicted of one count of aggravated rape, a Class A felony, and one count of aggravated kidnapping, a Class B felony.  On direct appeal, this court affirmed the petitioner's convictions and effective thirty-five-year sentence.  *State v. Samuel*, 243 S.W.3d 592, 595 (Tenn. Crim. App. 2007).  Recognizing that neither the petitioner nor the State had raised the issue of substantive due process in regard to the petitioner's aggravated kidnapping conviction, this court *sua sponte* noted that the petitioner's due process rights under *State v. Anthony* were not affected so as to

necessitate plain error review. *Id.* at 603 n.2. The petitioner subsequently filed a petition for post-conviction relief, alleging that the trial court did not have subject matter jurisdiction over the case and that trial counsel was ineffective. *Tony Samuel v. State*, No. W2008-02346-CCA-R3-PC, 2009 WL 3832695 (Tenn. Crim. App. Nov. 16, 2009). On appeal, this court affirmed the denial of the petition. *Id.* at *1.

On July 1, 2014, the petitioner filed a "Motion for Correction of Clerical Errors and Motion to Correct Illegal Sentence." The motion raised a litany of claims, including that he did not receive pretrial jail credit; that his sentence was excessive; that his sentence was illegal under *Blakely v. Washington* because a jury did not find the applicable enhancement factors; and numerous claims of ineffective assistance of counsel. The petitioner also filed several "Judicial Notice[s] of Law," including a July 7, 2014 notice that he would later copy and submit as his appellate brief.

The trial court denied the motion without appointing counsel or conducting a hearing after finding that the petitioner failed to state a colorable claim for relief. The petitioner's sentences were to be served consecutively to a prior sentence, and the trial court found that pretrial jail credits were properly applied to the prior sentence. The trial court found that the issue of the petitioner's sentence was addressed on appeal and that he failed to state a colorable claim. The court also found that the petitioner had a post-conviction hearing in which trial counsel was found to be effective and that this finding was affirmed on appeal. The order denying the motion was entered on August 15, 2014.

On October 22, 2014, the petitioner filed a "Motion to File Delayed Notice of Appeal and Notice of Appeal." In the motion, the petitioner contended that he mailed his motion for permission to appeal to the Court of Criminal Appeals on September 15, 2014. He wrote a letter to the clerk of this court on October 1, 2014, inquiring about the status of his appeal. This letter is included in the record and was file stamped by the trial court clerk on October 8, 2014. The petitioner stated that this court returned his notice of appeal to the trial court. He claimed that the trial court then notified him on October 15, 2014, that it received the notice of appeal and informed him that he needed to file his notice in the trial court. He requested that he be permitted to file a delayed appeal. The petitioner attached a document titled "Permission to Appeal" to his motion, and that document has a handwritten date of September 15, 2014.

On February 24, 2015, the petitioner filed a "Judicial Notice of Law" as his appellate brief. On February 25, 2015, the petitioner filed a motion to waive the timely filing of his notice of appeal. He contended that he erroneously filed his "original appeal" before filing his notice of appeal in the trial court. He requested that this court accept his appeal as filed. He also attached a memorandum from the warden at the Hardeman County Correctional Facility that addressed the "Lockdown Status" of the

facility. The memorandum is dated February 12, 2015, and contains a handwritten notation next to the words "Lockdown Status" that reads "Still Effective 2/14/2015." It appears that the petitioner intended this memorandum to explain why his brief, which was due February 16, 2015, was not submitted until February 24, 2015. This court deferred consideration of the motion because the petitioner had already filed his appellate brief.

The petitioner filed several motions "for Court to Take Judicial Notice" in this court. This court issued an order stating that it would "take judicial notice of the law in accordance with Rule 202 of the Tennessee Rules of Evidence."

## ANALYSIS

It appears that the petitioner argues that his sentence is illegal, in addition to a host of other claims. The State contends that the appeal should be dismissed for a failure to timely file a notice of appeal and that the petitioner's claims of an illegal sentence are without merit.

Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Here, the trial court issued its order on August 15, 2014, and the petitioner's notice of appeal was file stamped October 22, 2014, over two months after the trial court's entry of judgment. Therefore, his notice of appeal was untimely. However, in a criminal case, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id*. "In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

As the reason for the delay, the petitioner contends that he timely but incorrectly sent his notice of appeal to this court instead of the trial court. Although there is no postmark indicating that his notice was received or returned by this court, the document contains a handwritten date of September 15, 2014, which would have made the notice timely.

Turning to the issues for review, it is not clear precisely which issues the petitioner wishes to or attempts to raise on appeal. Although the record reflects that the petitioner's appellate brief was submitted on February 24, 2015, there are several documents that

3

could be construed as appellate briefs. The first is the February 24, 2015 "Judicial Notice of Law." Although the document did not satisfy any of the requirements for the content and format of an appellate brief as enumerated in Tennessee Rule of Appellate Procedure 27, it is the only document with a file stamp date of February 24, 2015. In this document, the petitioner appears to assert that he is entitled to reopen post-conviction proceedings and that his claims are not procedurally defaulted, and he cites to a variety of United States Supreme Court cases. He also argues that he would not have been convicted in light of the Tennessee Supreme Court's decision in *State v. White*, 352 S.W.3d 559 (Tenn. 2012). However, these arguments are not a challenge to the legality of the petitioner's sentence; instead, the claims amount to an attack on his convictions. Rule 36.1 is intended "to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014). Therefore, this document contains no colorable claim for relief pursuant to Rule 36.1.

The second document most resembling a brief is the petitioner's "Notice of Appeal," file stamped October 22, 2014. In this document, he raises numerous claims, including a *White* claim, claims of ineffective assistance of counsel, and an argument that his claims are not procedurally defaulted, that in reality are challenges to his convictions. Such challenges are not within the ambit of Rule 36.1, and we do not address these claims in considering the denial of his 36.1 motion. In regards to his sentence, he argues that it is illegal in light of *Blakely v. Washington* because he was entitled to have a jury find applicable enhancement factors and that the trial court erroneously applied several enhancement factors. However, an alleged *Blakely* violation operates only to make a judgment voidable, not void. *See Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App. May 1, 2007). Thus, "[b]ecause a *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment," the petitioner fails to state a colorable claim for relief. *State v. Rafael Antonio Bush*, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. Dec. 18, 2014), *perm. app. denied* (Tenn. Mar. 12, 2015). Further, this court addressed the issue of the petitioner's sentence on direct appeal and concluded that his sentence was proper. *Samuel*, 243 S.W.3d at 605-608. The petitioner was sentenced as a Range II offender and received within-range sentences of thirty-five years for aggravated rape and eighteen years for aggravated kidnapping. *Id.* at 605. There is nothing illegal about the petitioner's sentence.

None of the issues raised by the petitioner in either document state a colorable claim that his sentence is illegal. Therefore, we conclude that the interest of justice does not mandate waiver of the timely notice of appeal in this case. As a result, we dismiss the appeal as untimely. The petitioner is not entitled to relief.

4

## CONCLUSION

Based upon the foregoing, the petitioner's appeal is dismissed as untimely.


_____
JOHN EVERETT WILLIAMS, JUDGE